STATE OF VERMONT
RUTLAND COUNTY

NICHOLAS MICHAEL )    **Rutland Superior Court**
)    **Docket No. 352-5-08 Rdcv**
v.                              )
)    **on appeal from**
WENDA BIRD dba          )    **Docket No. 761-7-07 Rdsc**
CENTURY 21, WENDA BIRD   )    CONFORMED COPY
REAL ESTATE               )    RUTLAND SUPERIOR COURT

JUL - 1 2008

## SMALL CLAIMS APPEAL
### Decision

This matter is before this Court on appeal from the Opinion and Decision of the Small Claims Court dated March 13, 2008, in which judgment for Defendant Wenda Bird dba Century 21, Bird Real Estate was entered and Mr. Michael's complaint was dismissed. Mr. Michael has appealed.

This Court has reviewed the record, heard oral argument on June 19, 2008, and listened to the tape recording of the full hearing held in Small Claims Court on March 6, 2008. Both parties represented themselves in the Small Claims Court and are representing themselves in this appeal.

It is not the function of the Superior Court to substitute its own judgment for that of the Small Claims Court Judge. Rather, the role of the Superior Court is to determine whether or not the evidence presented at the hearing supports the facts that the Judge decided were the credible facts, and whether or not the Judge correctly applied the proper law and procedure.

Mr. Michael pursued the case on behalf of his wife, which he was permitted to do by the Judge. His wife signed a real estate contract to purchase a residence in Fair Haven, subject to various contingencies. A $500.00 deposit was paid. Mr. Michael's wife did not complete the purchase, and the suit was filed seeking return of the $500.00 deposit, which the Defendant realtor had turned over to the seller. Mr. Michael claimed that his wife did not have the legal capacity to enter into a purchase and sales agreement, and that in addition, the deposit should have been returned when the sale did not occur. The Small Claims Judge ruled that Mr. Michael's wife was not entitled to the return of the deposit.

Mr. Michael cites two grounds for appeal: that the Judge would not permit him to produce evidence of his wife's disability, and that the seller was not entitled to the deposit because no damages on the part of the seller were shown to justify the transfer of the deposit funds by the defendant realtor to the seller.

1

*Preclusion from introducing evidence of disability*

Mr. Michael stated at the hearing that his wife was disabled and did not have the legal capacity to make a contract, but he did not testify about any specific basis for that opinion. He also testified that he had been present when she signed contract documents, which had taken place three years before. The Judge asked him if any witnesses were present who might give testimony on his wife's disability. Mr. Michael responded that he had no such witnesses. His wife was also not present, and not able to testify herself.

When Mr. Michael asked for the hearing to be continued, and asked to be able to submit statements in writing later on concerning his wife's condition, the Judge declined his request, explaining that the hearing had been scheduled for the specific time set aside for that purpose, and it was his job to have witnesses present at the hearing to give testimony and be cross examined.

The Small Claims Judge did not err in making this ruling. See *In re Odessa Corp.*, 2006 VT 35, ¶ 17, 179 Vt. 640 (mem.) (explaining that parties are responsible for securing the attendance of their own witnesses, and that trial court rulings on motions for continuances will be upheld if there is a reasonable basis for the action). The Judge's ruling was not clearly unreasonable. Small claims hearings are meant to be efficient, and parties are expected to have their witnesses present at the scheduled hearing time. There was no error in the ruling, and it is not a basis of reversing the decision on the merits.

*Lack of proof of damages*

The contract admitted into evidence provided for various contingencies and a closing on October 14, 2004. The various contingencies either expired or became unenforceable or were waived. On October 12, 2004, after the expiration of all contingencies, Mr. Michael sent a letter stating that financing could not be obtained and he was terminating the contract, and he requested a return of the $500.00 deposit.

Paragraph 20 of the contract provided that if the purchaser failed to close or was in default, the seller could terminate the contract "and retain all Contract Deposits as liquidated damages, or may pursue all legal and equitable remedies provided by law." The evidence showed that Mr. Michael's wife failed to close and that the deposit funds were transferred by the defendant realtor to the sellers. There was no evidence that the sellers elected to pursue the specified alternate remedy.

Mr. Michael argues that there was no evidence of damage to the sellers that supports the transfer of the deposit to them. Where the contract specifies that an amount of a deposit may be retained by the seller as liquidated damages, it is not necessary for the seller to prove actual damages as long as the amount specified as liquidated damages was not unreasonable at the time the parties entered into their agreement. *Renaudette v. Barrett Trucking Co., Inc.*, 167 Vt. 634, 635–36 (1998) (mem.).

"Liquidated damages" means an agreed-upon sum the parties specify in advance as an amount of damages to be paid where it would otherwise be difficult to quantify in dollars the harm and inconvenience caused by a breach of contract. Three criteria must be met: damages from a breach would be difficult to calculate accurately, the amount must be a reasonable estimate of likely damages, and the amount must be intended for compensation and not a penalty. *Id.* At 635.

"The damages incurred from a breach of a real estate contract are hard to anticipate because it is difficult to determine if the property will be resold for an equivalent price or the amount of time required for a resale of the property." *Id.* At 636. In this case, the sellers were entitled by contract terms to liquidated damages in the amount of the $500.00 deposit, which was not an unreasonable amount at the time the contract was signed as an estimate of likely damages that might result from a breach.

It was not an error of law for the Small Claims Judge to enter judgment for the Defendant and dismiss the Plaintiff's claim even though there was not evidence of actual damages on the part of the sellers.

Therefore, the Judgment of March 13, 2008 is *affirmed.*

Dated at Rutland, Vermont this 30th day of June, 2008.

Hon. Mary Miles Teachout
Superior Court Judge